1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

10

11

12

13

LEODIAS EDWARDS,

                    Petitioner,

    v.

QUENTIN BYRNE, et al.,

                   Respondents.

Case No. 3:16-cv-00124-MMD-VPC

ORDER

14

15     Before the Court are the petition for a writ of habeas corpus pursuant to 28 U.S.C.

16  § 2254 (ECF No. 4), respondents' motion to dismiss (ECF No. 11), petitioner's opposition

17  (ECF No. 19), and respondents' reply (ECF No. 20). The Court finds that petitioner has

18  not presented a claim of violation of federal law. Additionally, petitioner already has

19  received any relief that court could award, and thus the petition is moot. The court grants

20  respondents' motion to dismiss.

21     On November 30, 1982, petitioner committed sexual offenses. On November 17,

22  1987, petitioner was convicted in state district court of two counts of sexual assault of a

23  victim aged 11 with the use of a deadly weapon. For each count, the state district court

24  imposed a sentence of life imprisonment with the possibility of parole for the sexual

25  assault and an equal and consecutive sentence for the use of a deadly weapon. The

26  sentences for count II run consecutively to the sentences for count I. (Exh. 77 (internal

27  exhibits 1 and 2) (ECF No. 16-2, at 9-13).) Petitioner was denied parole on count I's

28  sentence for sexual assault in 1992, 1995, 1998, and 1999. Petition  (ECF No. 4, at 11-

12). On February 1, 2002, petitioner was granted parole on count I's sentence for sexual assault. (Exh. 20 (internal exhibit 5) (ECF No. 13-20, at 37).) In 2007, petitioner was denied parole on count I's sentence for use of a deadly weapon until at least 2010. (Exh. 20 (internal exhibit 6) (ECF No. 13-20, at 35).) Petitioner was removed from the parole board's agenda in 2009 because of a mistaken belief that he was not eligible for parole. (Reply, at 4 n.2 (ECF No. 20).) However, petitioner was granted parole on count I's sentence for use of a deadly weapon on February 22, 2012. (Exh. 113, at 2 (ECF No. 17-13, at 3).) Petitioner started serving his sentence for count II on February 23, 2012.

At the time petitioner committed the crimes, three decisions of the Nevada Supreme Court affected how petitioner should serve his sentence. First, the Nevada Supreme Court held that prison officials should treat the consecutive terms for an underlying crime with the use of a deadly weapon as one continuous term for the purposes of release credits. *Biffath v. Warden,* 593 P.2d 51, 52 (Nev. 1979). Second, the Nevada Supreme Court later extended the same reasoning to parole eligibility. *Director, Nevada Dept. of Prisons v. Biffath,* 621 P.2d 1113, 1113-14 (Nev. 1981).[1] Third, the Nevada Supreme Court held that earned credits toward a sentence should be applied to minimum parole eligibility. *Demosthenes v. Williams*, 637 P.2d 1203 (Nev. 1981). In 1983, four years before petitioner was sentenced, the Nevada Legislature amended NRS § 209.443 to provide that credits cannot be applied to minimum eligibility for parole. That rule appears in subsequent credit statutes, including NRS § 209.446, which applies to a person sentenced for a crime committed on or after July 1, 1985, but before July 17, 1997.[2] On November 20, 1987, three days after petitioner's judgment of conviction was entered, the Nevada Supreme Court overruled the *Biffath* decisions and determined that ///

[1]The Court will refer to these two decisions collectively as "*Biffath.*"

[2]Petitioner argues that he is earning credits under NRS § 209.443. *See* Opposition, at 9-10 (ECF No. 19). A timekeeper of the Nevada Department of Corrections states that on November 24, 1987, a week after entry of the judgment of conviction, petitioner elected to earn credits under the newer statute, NRS § 209.446. )Exh. 113, at 2 (ECF No. 17-13).)

1  prison and parole officials should calculate release credits and parole eligibility separately

2  for each of the consecutive terms. *Nevada Dept. of Prisons v. Bowen,* 745 P.2d 697, 699-

3  700 (Nev. 1987). The court noted:

4       Because this opinion is not foreseeable based on our prior opinions, we
         conclude that it would be unfair to apply this decision retroactively to the
5       detriment of any prisoner. Accordingly, this opinion shall be applied
         retroactively to the extent possible, but in no case shall this opinion be
6       applied to the detriment of any prisoner sentenced before the date hereof.

7  *Id.* at 700 n.4.

8       In 2008, petitioner filed a habeas corpus petition in state district court. (Exh. 20

9  (ECF No. 13-20).) He alleged that the Nevada Department of Corrections was using the

10 *Bowen* rule, even though petitioner would have received greater benefit if his sentences

11 were aggregated under *Biffath.* He also alleged that the Nevada Department of

12 Corrections was not following *Williams* and was not applying credits to his minimum

13 parole eligibility. On March 11, 2014, the respondents agreed that *Biffath* and *Williams*

14 should apply to petitioner's sentences for count II and that the Nevada Department of

15 Corrections was applying them to petitioner's sentences. The respondents also asserted

16 that any claims regarding count I were moot because petitioner had been paroled from

17 both of count I's sentences. (Exh. 70, at 3-4 (ECF No. 15-20).) Everyone seemed to agree

18 at the hearing that a stipulation of dismissal, laying out how petitioner's remaining

19 sentences would be served, was the best action to take. (*Id.* at 5-8 (ECF No. 15-20).)

20 Ultimately, petitioner did not approve the stipulation, and the respondents moved to

21 dismiss the petition because it was moot. (Exh. 77 (ECF No. 16-2).) The state district

22 court agreed and dismissed the petition. (Exh. 80 (ECF No. 16-5).) Petitioner appealed.

23 However, he did not argue that the state district court was incorrect. Instead, he argued

24 that the state district court should have considered the merits of the petition because it

25 was a matter that was capable of repetition yet evading review. (Exh. 102 (ECF No. 17-

26 2).) The Nevada Court of Appeals affirmed, noting it would not consider petitioner's

27 argument on appeal because he did not raise it in the state district court. (Exh. 110 (ECF

28 No. 17-10).)

1    In the current federal petition (ECF No. 4), petitioner repeats the claims that he

2    made in the state court, arguing that the application of *Bowen* and the failure to apply

3    *Williams* violate the Due Process Clause of the Fourteenth Amendment, the Ex Post

4    Facto Clause, and provisions of the Nevada Constitution. The Court does not consider

5    any arguments under the Nevada Constitution because its review is limited to violations

6    of federal law. *See* 28 U.S.C. § 2254(a). Furthermore, "[t]here is no right under the

7    Federal Constitution to be conditionally released before the expiration of a valid sentence,

8    and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*,

9    562 U.S. 216, 220 (2011). "When, however, a State creates a liberty interest, the Due

10   Process Clause requires fair procedures for its vindication — and federal courts will

11   review the application of those constitutionally required procedures." *Id.* Nevada has not

12   created a constitutionally protected liberty interest in being released on parole. *Moor v.*

13   *Palmer*, 603 F.3d 658, 661-62 (9th Cir. 2010). The Court agrees with respondents that

14   petitioner does not present a claim of violation of federal law. Motion, at 3 (ECF No. 11).

15   The Court further agrees with respondents that petitioner's claims regarding the

16   sentences of count I are moot. Even if the Court could order petitioner to be paroled from

17   those sentences, petitioner had been paroled from those sentences before he

18   commenced this action. Petitioner already has received any relief that the Court could

19   give.[3]

20   The Court also agrees with respondents that petitioner's claims with respect to the

21   sentences for count II are moot. The Nevada Department of Corrections now is applying

22   *Biffath* and *Williams* to petitioner's sentences for count II, treating them as one continuous

23   ///

---

24   [3]The Court also agrees with respondents that petitioner's arguments based upon
     *Peyton v. Rowe*, 391 U.S. 54 (1968) and *Garlotte v. Fordice*, 515 U.S. 39 (1995), are
25   inapposite. Those cases, read in combination, hold that a person satisfies the
     jurisdictional requirement of custody for all consecutive sentences, even if some
26   sentences have expired and other sentences have not yet started to run. Respondents
     do not argue, and the Court does not rule, that petitioner no longer is in custody pursuant
27   to his sentences in count I. The Court simply is ruling that it cannot grant petitioner the
     relief he seeks — parole from the sentences in count I — because petitioner already has
28   been paroled from those sentences.

4

1    sentence and applying credits toward his minimum parole eligibility. Even if petitioner is

2    arguing that he would have been granted parole on his count I sentences earlier, and thus

3    started serving his count II sentences earlier, Nevada does not recognize retroactive

4    parole, and thus the Court can grant petitioner no relief. *See Niergarth v. Warden,* 768

5    P.2d 882, 884 (Nev. 1989).

6           Reasonable jurists would not find the Court's conclusions to be debatable or

7    wrong, and the Court will not issue a certificate of appealability.

8           Respondents have filed a motion for waiver of compliance with LR IA 10-3 (ECF

9    No. 18), which the Court grants.

10          It is therefore ordered that respondents' motion for waiver of compliance with LR

11   IA 10-3 (ECF No. 18) is granted.

12          It is further ordered that respondents' motion to dismiss (ECF No. 11) is granted.

13   This action is dismissed. The Clerk of the Court will enter judgment accordingly and close

14   this action.

15          It is further ordered that a certificate of appealability is denied.

16
17          DATED THIS 24th day of October 2016.

18
19                                                     MIRANDA M. DU
                                                       UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28

                                                  5